**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NUMBER 6:15-CR-00045-RC |
| v. § | |
| § | |
| § | |
| JOHN ALLEN WALTER § | |
| § | |

**FINDINGS OF FACT AND RECOMMENDATION ON
PETITION TO REVOKE DEFENDANT'S SUPERVISED RELEASE**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed November 6, 2017, alleging that the Defendant, John Allen Walter, violated his conditions of supervised release. (Doc. No. No. 13.) This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rule CR-59.

**I. Background**

In 1997, John Allen Walter pled guilty to bank robbery in two cases filed in the Northern and Eastern Districts of Texas, respectively.

    A.    <u>4:97-CR-28: Eastern District of Texas</u>

Walter was sentenced on October 20, 1997, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the following offenses: Bank Robbery (Count 1), a Class C felony; Assaultive Conduct while Committing Bank Robbery (Count 2), a Class B felony; and Using or Carrying a Firearm during a Crime of Violence (Count 3), a Class C Felony.

(Doc. No. 22.) Count 1 carried a statutory maximum imprisonment term of 20 years. Count 2 carried a statutory maximum imprisonment term of 25 years. Count 3 carried a mandatory imprisonment term of 5 years consecutive to any other sentence of imprisonment. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months.

Judge Schell imposed sentences of 188 months on Counts 1 and 2 (151 months of which ran concurrently and 37 months of which ran consecutively to the sentence imposed in Northern District of Texas Case No. 3:96-CR-138-1 (which became case no. 6:15-CR-45-1, Eastern District of Texas)), and 60 months on Count 3, which ran consecutively to the 188 months of imprisonment in Counts 1 and 2. Walter was subsequently sentenced to a total of 248 months of imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include payment of any financial penalty; alcohol abuse aftercare; a $150 special assessment; and restitution of $7,420.00. On April 18, 2014, Walter completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas.

On September 28, 2016, the Government filed a Petition for Warrant or Summons for Offender Under Supervision alleging that Walter had committed seven violations of his supervised release. (Doc. No. 50.) On November 2, 2016, in lieu of revocation, U.S. District Judge Amos Mazzant modified Walter's conditions to include 180 days placement in a residential reentry center, mental health aftercare, and abstinence from the use of all intoxicants. (Doc. No. 61.) Walter filed a notice of appeal of Judge Mazzant's order on November 25, 2016. (Doc. No. 62.) On January 6, 2017, the Government filed a Sealed Petition for Warrant or Summons for Offender Under Supervision claiming that Walter violated two conditions of release relating to his failure to reside in a residential reentry center and to pay the financial penalty imposed. (Doc. No. 68.)

On February 6, 2017, Walter filed an emergency motion to stay all further proceedings pending his appeal to the Fifth Circuit. (Doc. No. 73.)

B.  6:15-CR-45: Northern District of Texas

Walter was sentenced on February 24, 1997, before The Honorable Joe Kendall of the Northern District of Texas after pleading guilty to Bank Robbery, a Class C Felony, case no. 3:96-CR-138-X(1). This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of VI, was 151 to 188 months. Walter was subsequently sentenced to 151 months' imprisonment followed by 3 years of supervised release, subject to the standard conditions of release and special conditions to include a $50 special assessment. On April 18, 2014, Walter completed his period of imprisonment and began service of the supervision term.[1]

On September 25, 2015, jurisdiction of Walter's case was transferred to the Eastern District of Texas and was assigned to U.S. District Judge Michael H. Schneider, case no. 6:15CR45-001. On September 28, 2016, Walter's case was reassigned to U.S. District Judge Ron Clark.

On January 31, 2017, the Government filed a Petition to revoke Walter's supervised release (the "January Petition"). (Doc. No. 2.) The January Petition alleges that Walter committed a series of seven violations from May 2014 to September 2015. The undersigned held a hearing on the January Petition on February 21, 2017, and found that the Defendant violated a condition of supervision and revoked his supervised release. Sentencing was stayed pending resolution of companion case 4:97-CR-28, and Walter was continued on release. Thus, Walter has not been

---

[1] Even though it appears his prison term in 6:15-CR-45 expired prior to April 18, 2014, his term of supervised release was presumably delayed until he completed his term of imprisonment in 4:97-CR-28. 18 U.S.C. § 3624(e) ("The term of supervised release commences on the day the person is released from imprisonment . . . A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.")

3

sentenced for violations listed in the January Petition while the appeal in his companion case was pending in the Fifth Circuit.[2]

Walter's term of supervised release in 6:15-CR-45 expired on April 17, 2017.  Yet, on November 6, 2017, the Government filed another original petition claiming that "[o]n or about April 11, 2017, John Walter traveled to Atlanta, Georgia, without prior approval from the United States Probation Office" (the "November petition".)[3]  (Doc. No. 13.)  The November Petition is currently before the court and at issue in this report and recommendation.

## II.  The November Petition

The November petition alleges that Walter violated the following standard condition of release:

> Allegation 1.  The defendant shall not leave the judicial district without the permission of the Court or probation officer.

Specifically, the petition claims that Walter traveled to Atlanta, Georgia on or about April 11, 2017, just six days before his term of supervised release expired.

## III.  Proceedings and Evidence

On March 21, 2018, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.  United States Probation Officer Jerry McFarland testified at the hearing and the Government admitted five Exhibits.  Exhibit 1 is an email from Walter's wife to his probation

---

[2] The Fifth Circuit issued its decision on March 9, 2018, granting Walter's attorney request to withdraw, denying Walter's appointment for new counsel, and dismissing the appeal.  United States v. Walter, No. 16-41594 (5th Cir. filed March 9, 2018).

[3] The November Petition mistakenly lists the expiration date of Walter's term of supervised release in 6:15-CR-45 as April 17, 2019, which is the expiration date in the companion case.

4

officers. The email is dated September 5, 2017, addressed to Walter's probation officers, and includes four photographs (admitted as Exhibits 1A-1D) named IMG_20170404_161617.jpg, IMG_20170404_124602.jpg, 20170404_155902-1.jpg, and 20170404_180438-1.jpg. The text of the email reads: "These are sent photos taken by a friend of John all I know guy name Wilson he met there, that I didn't attach in prior email . . . of CNN headquarters, Dr. King home on Auburn, world of Coca Cola, etc. [sic]." (Ex. 1.) The digital images contained in the email purport to show Walter visiting Atlanta on April 4, 2017—as noted by the "20170404" digits on the photograph thumbnails. Exhibit 1A shows a man in front of a row of homes that are purportedly in Atlanta, but his face is not recognizable. Exhibit 1B depicts a man—again purportedly in Atlanta according to Walter's wife—but like Exhibit 1A, his face is obscured and unrecognizable. Exhibit 1C shows Walter standing in front of what seemingly appears to a bus, but no other identifiable landmarks are recognizable. Exhibit 1D shows Walter in front of a large glass building with a lit Coca Cola sign.

## IV.  Discussion

A district court may revoke a term of supervised release upon a finding, by a preponderance of the evidence, that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3); <u>United States v. Bui</u>, 281 F. App'x 381, 382 (5th Cir. 2008). Exhibits 1A and 1B are of extremely poor quality and do not definitively establish that the individual pictured is the Defendant. Exhibit 1C is a photograph of Walter in front of a bus, which also does not definitively establish that the Defendant was in Atlanta prior to the expiration of his supervised release because the photograph lacks identifiable landmarks. Accordingly, the undersigned finds that Exhibits 1A, 1B, and 1C do not definitively establish by a preponderance of the evidence that Walter was in Atlanta prior to expiration of his supervised release.

Exhibit D shows Walter in front of a Coca Cola landmark that his wife, in an email to the probation officers, claims is the "world of Coca Cola" in Atlanta. The photograph is named "20170404_180438-1.jpg," which the Government argues is an accurate time/date portrayal of when the picture was taken. April 4, 2017 is within his term of supervised release.

The undersigned finds that the Government's Exhibit 1D is not sufficient to establish by a preponderance of the evidence Walter violated a term of his supervised release for three reasons. First, a file name of a digital image can be easily renamed and does not necessarily reflect the time and date of when the photograph was taken. Second, Walter's wife's email forwarding the images was sent nearly five months *after* his term of supervised release ended, which suggests the images could have been taken any time subsequent to the expiration of his term of supervised release and simply renamed to reflect an earlier date. Third, neither Walter's wife, who forwarded the images to the Government, nor "Wilson," Walter's friend who allegedly took the pictures, testified or otherwise verified the accuracy or source of the photographs. Therefore, the undersigned finds that Exhibit 1D lacks any sufficient indicia of reliability and that the Government has failed to satisfy its burden to show by a preponderance of the evidence that Walter violated his supervised release by leaving the judicial district without permission, as alleged in the November Petition.[4]

## V. Recommendation

Pursuant to 18 U.S.C. § 3583(e)(3), the undersigned recommends that the Government's "Petition for Warrant or Summons for Offender Under Supervision" filed November 6, 2017, the "November Petition" (Doc. No. 13), be **DISMISSED**. In light of the Fifth Circuit's recent dismissal of Walter's appeal in the 4:97-CR-28-1 case, sentencing on the January Petition (Doc. No. 68) will be scheduled as soon as possible.

---

[4] Likewise, the authenticity of the time and date stamp of Exhibits 1A-C cannot be verified.

### VI.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation.  Objections to this report must:  (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length.  See 28 U.S.C. § 636(b)(1)(c) (2009); Fed. R. Civ. P. 72(b)(2); Local Rule CV-72(c).  A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made.  See 28 U.S.C. § 636(b)(1) (2009); Fed R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 3rd day of April, 2018.

_____
Zack Hawthorn
United States Magistrate Judge